# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

EcoWater Systems LLC,
a Delaware corporation,

    Plaintiff,

 v.

KRIS, Inc., a Kansas corporation,
and Kirt R. Poovey, an individual,

    Defendants and
    Third-Party Plaintiffs,

 v.

Ralph Moore, Ronnie Moore, and
Moore Water Treatment, Inc.,

    Third-Party Defendants.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 09-785 ADM/JSM

___

James M. Susag, Esq., and Cynthia M. Klaus, Esq., Larkin Hoffman Daly & Lindgren Ltd., Minneapolis, MN on behalf of Plaintiff and Third-Party Defendants.

Robert E. Kuderer, Esq., and Stacey A. Molde, Esq., Johnson & Condon, P.A., Minneapolis, MN on behalf of Defendants and Third-Party Plaintiffs.

___

## I. INTRODUCTION

On February 11, 2009, the undersigned United States District Judge heard oral argument on three motions: (1) Plaintiff EcoWater System's LLC's ("Plaintiff" or "EcoWater") Motion for Summary Judgment [Docket No. 17]; (2) Plaintiff and Third-Party Defendants Ralph Moore, Ronnie Moore, and Moore Water Treatment, Inc.'s (collectively "Third-Party Defendants" or "the Moores") Motion to Dismiss [Docket No. 30] Defendants and Third-Party Plaintiffs KRIS, Inc. ("KRIS") and Kirt Poovey's ("Poovey") (collectively "Defendants") Third-Party Complaint;

and (3) Plaintiff and Third-Party Defendants' Motion for Sanctions [Docket No. 54]. For the reasons set forth below, Plaintiff's Motion for Summary Judgment is granted, Plaintiff and Third-Party Defendants' Motion to Dismiss the Third-Party Complaint is granted, and Plaintiff and Third-Party Defendants' Motion for Sanctions is denied.

## II. BACKGROUND[1]

EcoWater is a Minnesota company that manufactures residential water treatment systems and sells water conditioning and drinking water equipment. Compl. [Docket No. 1] ¶ 1. In the late 1980s, Poovey, through his company, KRIS, entered into a dealer relationship with EcoWater, whereby KRIS was authorized to use EcoWater's marks to sell EcoWater products. Id. ¶ 3; Klaus Aff. [Docket No. 45], Ex. A at 49. In June 2006, EcoWater terminated the dealer agreement with KRIS. Klaus Aff. at 118, 203. KRIS was no longer an authorized EcoWater dealer, but was permitted to sell its remaining EcoWater products. Id. at 544-45. Soon after, EcoWater filed suit against KRIS for trademark infringement, violations of Minnesota's fair trade laws, breach of contract, unjust enrichment, and unfair competition. Case No. 06-3105 DSD/JJG, Complaint [Docket No. 1]. KRIS denied liability and brought counterclaims against EcoWater for violations of the Delaware Franchise Security Law, or alternatively under the Minnesota Franchise Act, breach of contract, and unjust enrichment. Case No. 06-3105 DSD/JJG, Answer and Counterclaim [Docket No. 3]. KRIS's motion to compel arbitration was

---

[1] In considering a motion to dismiss, the pleadings are construed in the light most favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true. Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994). On a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party. Ludwig v. Anderson, 54 F.3d 465, 470 (8th Cir. 1995). Thus, Defendants at this stage in the proceedings are by law entitled to all inferences in their favor.

granted. Case No. 06-3105, Order [Docket No. 31]. On May 12-14, 2009, the parties participated in an arbitration hearing on KRIS's assertion that EcoWater improperly terminated the dealer arrangement. After a full arbitration hearing, the arbitrator found in favor of KRIS and awarded damages of $20,000 and $25,000 in attorney's fees.

On April 7, 2009, EcoWater filed this suit again alleging KRIS was infringing its trademarks. Defendants then filed counterclaims against EcoWater alleging federal unfair competition, violation of the Minnesota Uniform Deceptive Trade Practices Act, and various business torts. Joint & Separate Answer to Am. Compl., Counterclaim [Docket No. 9]. On September 29, 2009, Defendants filed a Third-Party Complaint against the Moores, competitor distributors of EcoWater's products in Kansas, alleging federal unfair competition, violation of the Minnesota Uniform Deceptive Trade Practices Act and the Kansas Unfair Trade Practices Act, and various business torts. Third-Party Compl. [Docket No. 29]. EcoWater and the Moores seek: (1) dismissal of the third-party complaint; and (2) Rule 11 sanctions for KRIS's error in filing its Third-Party Complaint. EcoWater also seeks summary judgment on KRIS's counterclaims.

### III. DISCUSSION

**A. Plaintiff and Third-Party Defendants' Motion to Dismiss**

    **1. Motion to Dismiss Standard**

Rule 12 of the Federal Rules of Civil Procedure provides that a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "A motion to dismiss should be granted as a practical matter . . . only in the unusual case in which the plaintiff includes allegations that show on the face of the complaint that there

is some insuperable bar to relief." Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995). Defendants filed a Third-Party Complaint against Third-Party Defendants, the Moores. Federal Rule of Civil Procedure 14(a) provides the procedural mechanism by which a party may assert a third-party claim. "Rule 14(a) allows a defendant to assert a claim against any person not a party to the main action only if that third person's liability on that claim is in some way dependent upon the outcome of the main claim." Mattes v. ABC Plastics, Inc., 323 F.3d 695, 698 (8th Cir. 2004) (quotation omitted). Rule 14(a) does not allow the defendant to assert a separate and independent claim even though the claim may arise out of the same set of facts as the main claim. Id. KRIS concedes that it improperly filed a Third-Party Complaint against the Moores when it should have moved to join the Moores as counterclaim defendants under Federal Rule of Civil Procedure 13(h). Defs.' Mem. in Opp. to Mot. to Dismiss at 5-6 [Docket No. 36]. However, KRIS asks the Court to recharacterize the action and grant KRIS leave under Federal Rules of Civil Procedure 13(h) and 20 to join the Moores as counterclaim defendants.

As an initial matter, even if the Moores were liable on all or part of the claim such that they could be properly impleaded pursuant to Rule 14(a), the Rule requires "the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 10 days after serving its original answer."[2] Therefore, to implead a third party after 10 days have passed since the original answer was served, "the defendant must move the court for leave to file a third-party action, attach a copy of the new third-party complaint with the motion, and, if the motion is granted, cause a summons and complaint to be served upon the third-party defendant

---

[2] Effective December 1, 2009, the time period was changed to 14 days but the former version applies here since the Answer was filed prior to December 1, 2009.

within 120 days." Maineline Indus., Inc. v. Palco Linings, Inc., 113 F.R.D. 148, 150 (D. Nev. 1986). In this case, KRIS served its answer on April 29, 2009. Five months later, on September 29, 2009, KRIS filed its Third-Party Complaint against the Moores. KRIS did not, as was required by Rule 14(a), move the Court for leave to file the third-party action. Instead, it simply filed the Third-Party Complaint. This is not permissible under Rule 14(a) and, therefore, the third-party action is dismissed.

In support of its request that this Court recharacterize its request for joinder, KRIS relies on a case from the Eastern District of Pennsylvania, Salisbury Township Sch. Dist. v. Jared M., et al., No. 98-6396, 1999 WL 346237 (E.D. Pa. June 1, 2009). In that case, the Defendants and Third-Party Plaintiffs filed a Third-Party Complaint within 10 days of answering the complaint that asserted counterclaims against Third-Party Defendants. Id. at *1. There, as here, the Defendants and Third-Party Plaintiffs filed a Third-Party Complaint rather than moving to join the Third-Party Defendants as counterclaim defendants under Federal Rule of Civil Procedure 13(h). The Court permitted the Defendants and Third-Party Plaintiffs to recharacterize the action as one requesting leave to add the Third-Party Defendants under Rules 13(h) and 20. Id. at *3. Unlike in Salisbury, KRIS did not file the Third-Party Complaint against the Moores within the time frame prescribed by Rule 14(a). Instead, KRIS waited five months before filing the Third-Party Complaint. At this late juncture, the Court is not persuaded that it is appropriate to recharacterize an improperly filed action to accommodate a violation of the Federal Rules of Practice. Since the Third-Party Complaint is dismissed for a procedural deficiency, the Court does not reach the issue of whether dismissal is also required for lack of personal jurisdiction.

B.     **Plaintiff's Motion for Summary Judgment**

   **1. Summary Judgment Standard**

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall issue "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). On a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party. Ludwig, 54 F.3d at 470. The nonmoving party may not "rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial." Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).

   **2. Res judicata and collateral estoppel**

EcoWater argues that KRIS's counterclaims are barred by res judicata (claim preclusion) and collateral estoppel (issue preclusion). The federal unfair competition counterclaim is governed by federal law. Under federal law, a claim is barred by res judicata if (1) the first suit resulted in a final judgment on the merits; (2) both suits involve the same parties (or those in privity with them); (3) both suits are based on the same claims or causes of action and (4) the first suit was based on proper jurisdiction. Costner v. URS Consultants, Inc., 153 F.3d 667, 673 (8th Cir. 1998). The remaining counterclaims are governed by state law. Under state law, res judicata is an absolute bar to a subsequent claim if (1) there was a final judgment on the merits; (2) the earlier claim involved the same parties or their privies; (3) the earlier claim involved the

same set of factual circumstances; and (4) the estopped party had a full and fair opportunity to litigate the matter. Hauschildt v. Beckingham, 686 N.W.2d 829, 840 (Minn. 2004). Res judicata prohibits parties from raising a claim in a second suit that was, or could have been, litigated in the earlier action. Livingston v. ITT Consumer Financial Corp., 795 F.Supp. 921, 923-24 (D. Minn. 1992) (federal law); Drewitz v. Motorwerks, Inc., 728 N.W.2d 231, 239 (Minn. 2007) (quoting Hauschildt, 686 N.W.2d at 840 (Minn. 2004)) (state law).

There is no dispute that the arbitration decision in the first suit resulted in a final judgment on the merits (element one under federal and state law), that jurisdiction in the breach of contract action was proper (element four under federal law), or that Defendants had a full and fair opportunity to litigate the matter (element four under state law). Defendants argue that the breach of contract action involved EcoWater and KRIS, but the counterclaims involve EcoWater, KRIS, and Poovey, thus the parties are not the same (element two under federal and state law). However, KRIS's sole owner and president, Poovey, is inseparable from KRIS and their interests are clearly aligned and, therefore, Poovey stands in privity with KRIS. Daley v. Marriott Int'l, Inc., 15 F.3d 889, 893 (8th Cir. 2005) (federal law) (stating that privity exists if the parties "have a close relationship, bordering on near identity.") (quotation marks omitted). Margo-Kraft Distribs., Inc. v. Minneapolis Gas Co., 294 Minn. 274, 278, 200 N.W.2d 45, 48 (1972) (explaining that privies include "those whose interests are represented by a party to the action"). Thus, the remaining issue is whether the arbitration proceeding and this action are based on the same claims or causes of action and involved the same set of factual circumstances

(element three under federal and state law).³

The Eighth Circuit has interpreted "the same claims or causes of action" to mean "claims that arise out of the same nucleus of operative fact." Regions Bank v. J.R. Oil Co., LLC, 387 F.3d 721, 732 (8th Cir. 2004). Determining whether claims arise out of the same nucleus of operative facts requires consideration of whether the facts underlying each claim concern the same transaction or series of connected transactions. Poe v. John Deere Co., 695 F.2d 1103, 1106 (8th Cir. 1982). A court should make its determination "pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." Banks v. Int'l Union Elec., Elec., Tech., Salaried & Mach. Workers, 390 F.3d 1049, 1052 (8th Cir. 2004) (quoting Restatement (Second) of Judgments § 24). Similarly, under state law, the focus of res judicata is whether the second claim arises out of the same set of factual circumstances as the first claim. Hauschildt, 686 N.W.2d at 840.

KRIS argues that the claims in the arbitration and counterclaims in this suit do not arise out of the same causes of action, the same nucleus of operative facts, or the same set of factual circumstances. KRIS urges that the claims in the arbitration - breach of contract, implied contract, promissory estoppel, the implied covenant of good faith and fair dealing - and the counterclaims in this action - federal unfair competition, violation of the Minnesota Uniform

---

³ KRIS argues that the doctrines of res judicata and collateral estoppel do not bar KRIS's claims against the Moores. EcoWater concedes and responds that these doctrines only bar KRIS's counterclaims against EcoWater. The claims against the Moores have been dismissed on separate grounds. See supra part A.

8

Deceptive Trade Practices Act, and various business torts - are distinct and are based on different facts. In response, EcoWater argues that (1) EcoWater's post-termination conduct with respect to KRIS was presented, without objection, in the arbitration; (2) KRIS was not limited to arguing specific causes of action in the arbitration and could have asserted all claims it deemed appropriate regarding EcoWater's post-termination conduct; and (3) KRIS presented witness testimony, offered exhibits, and argued in the arbitration proceeding that EcoWater made disparaging statements about KRIS's products after the dealer arrangement ended.

The Court rejects KRIS's argument that the counterclaims here are distinct from the claims brought in the arbitration proceeding. The actions arise out of the same nucleus of operative facts and the same set of factual circumstances: the dealer relationship between EcoWater and KRIS, EcoWater's termination of that relationship, and EcoWater's post-termination conduct. The arbitrator heard evidence relating to the substance of KRIS's current counterclaims.[4] There is no reason why KRIS could not have brought the counterclaims it seeks to assert here in the previous arbitration proceeding.[5] KRIS is attempting to have this Court

---

[4] In KRIS's counterclaims, it alleges that EcoWater said KRIS's products were "'left over,' and that KRIS would not be able to appropriately service its current, past and potential future customers." Counterclaims ¶ 7. KRIS further alleges that EcoWater told "members of the public that KRIS was out of business when in fact KRIS was in business[.]" Counterclaims ¶ 9. All of these allegations were heard and considered by the arbitrator before a decision was rendered.

[5] KRIS argues that by commencing a second lawsuit, EcoWater evinced an intention that later-discovered claims would be brought in a separate action, thereby waiving its right to invoke res judicata and collateral estoppel in this separate action. KRIS provides no authority for this proposition. The doctrines of res judicata and collateral estoppel are waived where a party fails to plead them as affirmative defenses. Huffman v. Pursue, Ltd., 420 U.S. 592, 607 n.19 (1975); Blonder-Tongue Labs., Inc., v. Univ. of Ill. Foundation, 402 U.S. 313, 350 (1971). Here, EcoWater pled res judicata and collateral estoppel as affirmative defenses. KRIS further argues that permitting EcoWater to prevail under the doctrines of res judicata or collateral estoppel after EcoWater filed a second action "work[s] an injustice" to KRIS because it believed that the

9

adjudicate claims that arise out of the same set of factual circumstances as those presented to the arbitrator. Therefore, KRIS's federal and state counterclaims are procedurally barred by the doctrine of res judicata.[6]

### C. Plaintiff and Third-Party Defendants' Motion for Sanctions

Rule 11 of the Federal Rules of Civil Procedure authorizes sanctions against attorneys who file pleadings and motions having no legal or factual basis, or who take actions intended to harass, delay, or unnecessarily add to the cost of litigation. Fed. R. Civ. P. 11. EcoWater and the Moores argue that sanctions are warranted because KRIS failed to seek leave of the Court, as required by Fed. R. Civ. P. 14(a) and the Scheduling Order, before filing and serving its Third-Party Complaint, and urges that KRIS's admission that the Third-Party Complaint was "brought in 'error'" supports the imposition of sanctions. KRIS responds that it inadvertently violated a procedural rule and that its belief that this Court would recharacterize the action as one requesting leave to add the Moores pursuant to Rules 13(h) and 20 was objectively reasonable.

The Court does not believe that KRIS filed the Third-Party Complaint in an attempt to harass EcoWater and the Moores. Whether KRIS had "no legal or factual basis" for filing the

---

second action provided a forum for its new causes of action. Defs.' Mem. of Law in Opp. to Summ. J. at 10. However, the second action was based on KRIS's conduct unrelated to the facts being litigated in the arbitration proceeding. All claims related to the facts litigated in the arbitration proceeding could and should have been raised in the arbitration proceeding.

[6] The application of res judicata bars Defendants' counterclaims. Since the counterclaims are extinguished, so too are the issues within those counterclaims, therefore the Court need not reach the issue of whether collateral estoppel applies. See Roche Palo Alto LLC v. Apotex, Inc., 526 F. Supp.2d 985, 997 (N.D. Cal. 2007) (stating that since claim preclusion bars Defendants' efforts to litigate a particular issue, the Court need not decide whether issue preclusion also applies); Watt v. City of Highland Park, 2002 WL 31261216, at *2 n.3 (N.D. Ill. 2002) (explaining that "[h]ad the [Supreme] Court thought that claim preclusion applied, the question of issue preclusion would have been moot.").

Third-Party Complaint is arguable. Accordingly, KRIS's conduct does not rise to the level where sanctions are warranted.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff and Third-Party Defendants' Motion to Dismiss the Third-Party Complaint [Docket No. 30] is **GRANTED**;

2. Plaintiff's Motion for Summary Judgment [Docket No. 17] is **GRANTED;**

3. Plaintiff and Third-Party Defendants' Motion for Sanctions [Docket No. 54] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: March 8, 2010.